# UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF COLUMBIA

Audrey Fu

Plaintiff(s),

v.

United States (Government)

Defendant.

No: 1:05-cv-01776(PLF)

RESPONSE TO MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT

RECEIVED
SEP 18 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff hereby responds:

Defendant has moved to dismiss the above-captioned action for insufficiency of service, the anti-injunction act bars plaintiff's claim and for lack of subject matter jurisdiction. Defendant's motion fails on each grounds, as follows:

**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION SHOULD BE TREATED AS MOTION FOR SUMMARY JUDGMENT**

Plaintiff asserts that because the motion to dismiss in the instant case raises issues, such as the anti injunction act, outside the Complaint, the instant motion must be treated, and decided, as a motion for summary judgment.

Fed.R.Civ.P. 12(b) states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. ... the court presumes that plaintiff's well-pleaded allegations are true, resolves all doubts and inferences in plaintiff's favor.

Defendants' motion through misreading, misunderstanding,

mischaracterization and misrepresentation, attempts to convert the instant damages action into a refund action/injunctive relief action neither brought nor intended. In deciding a motion for summary judgment under Rule 56(e) of the Federal Rules of Civil Procedure,

> "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

As interpreted by the courts, the Rule requires that

> "any factual assertion in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."

Neal v. Kelly, 963 F.2d 453, at 456 (D.C. Cir. 1993) (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).

Movant (United States) has failed to include affidavits containing factual assertions of a person competent to testify, having personal knowledge of facts. While plaintiff has supported his/her/their pleadings with sworn affidavit and the factual assertions therein must be accepted as true.

The defendants' motion not being supported as provided in Rule 56 rests upon mere allegations. The court presuming that plaintiff's well-pleaded allegations are true, resolves all doubts and inferences in plaintiff's favor and plaintiff having filed a verified Complaint supported by affidavit, Summary judgment, if appropriate, should be entered in Plaintiff's

favor.

## 12(b)(6) MOTION TO DISMISS

Pursuant to Rule 12(b)(6) a claim may be dismissed on only two grounds: (1) it asserts a legal theory that is not cognizable as a matter of law, or (2) it fails to allege sufficient facts to support a cognizable legal claim. Therefore, in order for the Court to dismiss under 12(b)(6) failure to exhaust must assert a legal theory that is not cognizable as a matter of law, or fail to identify all issues of fact.

Rule 12(b)(6) requires that if there is even one fact that remains unsettled a Rule 12(b)(6) motion fails. Thus if even one of the factual allegations contained in plaintiff's complaint remain unsettled then a 12(b)(6) motion must fail.

Two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability here. Huff v United States, 10 F. 3d 1440 (9th Cir. 1993) and Mulvania v U.S. 214 BR (9th Cir 1997). Each of these 9th Cir decisions make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting taxpayer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax.

Although plaintiff(s) has/have made demand upon the Commissioner these documents have not been issued to plaintiff(s).

Plaintiff(s) emphasize to the Court that the decision in Huff and Mulvania (supra) also make it abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which

Audrey Fu v United States (Government) No. 1:05-cv-01776(PLF)

Page 3 of 6

RESPONSE TO MOTION TO DISMISS / MOTION FOR SUMMARY JUDGMENT ALTERNATIVE MOTION TO BIFURCATE

may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement. Absent an assessment, **NO TAX EXISTS**. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment). As set forth above when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement.

## EXHAUSTION REQUIREMENT

As to the exhaustion requirement I have filed a Verified Administrative Claim for Damages, with Internal Revenue Service, Area 12, Area Director, Seattle, 915 Second Avenue, Seattle, WA 98174.

## SERVICE WAS SUFFICIENT

It is apparent that counsel cannot read and/or was either lazy or grossly negligent as a review of the return of service on file with the court reveals that Laine Fu signed the returns of service. Counsels argument the plaintiff signed the returns of service is patently false and should be denied outright.

For the above reasons plaintiff(s) request(s) the Court treat the defendants' motion to dismiss as a Motion for Summary Judgement and Summary judgment, if appropriate, should be entered in plaintiff's favor.

Respectfully,

Dated Sept 13, , 2006

Audrey Fu [signature] Sept. 13, 2006

Audrey Fu
6913 Niumalu Loop
Honolulu HI 96825

State of Hawaii ) ss.
City & County of Honolulu )

On the above inscribed date before the undersigned, a Notary Public for the State of Hawaii, personally appeared, Audrey Fu, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that ~~he~~/she/~~they~~ executed the same as ~~his~~/her/~~their~~ free act and deed.

[signature] STACIE L. IKEI
Notary, State of Hawaii

My commission expires: 11-06-06

Audrey Fu v United States (Government) No. 1:05-cv-01776(PLF)

Page 5 of 6

RESPONSE TO MOTION TO DISMISS / MOTION FOR SUMMARY JUDGMENT ALTERNATIVE MOTION TO BIFURCATE

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Beatriz T. Saiz
Trial Attorney, Tax Division
U.S. Dept. of Justice
P O Box 227
Washington, D.C. 20044

Dated Sept 13, 2006

Audrey Fu

Audrey Fu

Audrey Fu v United States (Government) No. 1:05-cv-01776(PLF)

Page 6 of 6

RESPONSE TO MOTION TO DISMISS / MOTION FOR SUMMARY JUDGMENT ALTERNATIVE MOTION TO BIFURCATE