UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
AUDREY FU,                              )
                                        )
                    Plaintiff,          )
                                        )
            v.                          )        Civil Action No. 05-1776 (PLF)
                                        )
UNITED STATES,                          )
                                        )
                    Defendant.          )
_____)

MEMORANDUM OPINION

          This complaint is one of dozens of nearly identical complaints brought in this

Court by *pro se* plaintiffs against the United States under the Taxpayers Bill of Rights ("TBOR"),

26 U.S.C. § 7433.[1]  Plaintiff Audrey Fu filed this action against the United States on September

---

[1]       26 U.S.C. § 7433 provides, in relevant part:

          (a) If, in connection with any collection of Federal tax with respect
          to a taxpayer, any officer or employee of the Internal Revenue
          Service recklessly or intentionally, or by reason of negligence
          disregards any provision of this title, or any regulation promulgated
          under this title, such taxpayer may bring a civil action for damages
          against the United States in a district court of the United States.
          Except as provided in section 7432, such civil action shall be the
          exclusive remedy for recovering damages resulting from such actions.

          (b) In any action brought under subsection (a) or petition filed
          under subsection (e), upon a finding of liability on the part of the
          defendant, the defendant shall be liable to the plaintiff in an
          amount equal to the lesser of $1,000,000 ($100,000, in the case of
          negligence) or the sum of--

                  (1) actual, direct economic damages sustained by the
          plaintiff as a proximate result of the reckless or intentional or
          negligent actions of the officer or employee, and

6, 2005, seeking damages, punitive damages, and declaratory relief. <u>See</u> Complaint at 15-17.

The government has filed a motion to dismiss under Rules 12(b)(1), (2), (3), (5) and (6) of the

Federal Rules of Civil Procedure.[2]  It "asserts that this Court lacks subject-matter jurisdiction

over plaintiff's unauthorized collection claim, the Anti-Injunction Act bars the injunctive relief

plaintiff seeks, and plaintiff failed to properly serve the United States."  Motion to Dismiss at 1.

## I. STANDARDS OF REVIEW

### A. Motions to Dismiss Under Rule 12(b)(5)

The Court may dismiss a complaint without prejudice for ineffective service of

process.  <u>See</u> Fed. R. Civ. P. 12(b)(5); <u>Simpkins v. District of Columbia</u>, 108 F.3d 366, 369

(D.C. Cir. 1997).  "[T]he party on whose behalf service is made has the burden of establishing its

validity when challenged; to do so, he must demonstrate that the procedure employed satisfied

the requirements of the relevant portions of Rule 4 and any other applicable provision of law."

<u>Light v. Wolf</u>, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations and citations omitted).

### B. Motions to Dismiss under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction, with the ability only to hear cases

entrusted to them by a grant of power contained in either the Constitution or in an act of

Congress.  <u>See</u>, <u>e.g.</u>, <u>Hunter v. District of Columbia</u>, 384 F.Supp.2d 257, 259 (D.D.C. 2005);

<u>Srour v. Barnes</u>, 670 F. Supp. 18, 20 (D.D.C. 1987) (citing <u>City of Kenosha v. Bruno</u>, 412 U.S.

---

(2) the costs of the action.

[2]     Because the Court dismisses this case under Rules 12(b)(1) and 12(b)(6) of the
Federal Rules of Civil Procedure, there is no need to address Rules 12(b)(2) or 12(b)(3).

507, 511 (1973)).  The plaintiff bears the burden of establishing that the Court has jurisdiction.

See Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F. Supp. 2d 68, 72 (D.D.C.

2004).  In considering whether to dismiss a complaint for lack of subject matter jurisdiction

under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court must accept all of the

factual allegations in the complaint as true, but may in appropriate cases consider certain

materials outside the pleadings.  See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249,

1253-54 (D.C. Cir. 2005).  "[W]here necessary, the court may consider the complaint

supplemented by undisputed facts evidenced in the record, or the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts."  Herbert v. National Acad. of

Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).  While the complaint is to be construed liberally,

the Court need not accept factual inferences drawn by plaintiff if those inferences are not

supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal

conclusions.  See Primax Recoveries, Inc. v. Lee, 260 F. Supp.2d 43, 47 (D.D.C. 2003).

*C. Motions to Dismiss under Rule 12(b)(6)*

On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

Federal Rules of Civil Procedure, the Court assumes the truth of the material facts as alleged in

the complaint, see Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991), and the "complaint

should not be dismissed unless plaintiffs can prove no set of facts in support of their claim which

would entitle them to relief."  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C.

Cir. 1994); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Browning v. Clinton, 292 F.3d

235, 242 (D.C. Cir. 2002).  The complaint "is construed liberally in the plaintiffs' favor, and [the

Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Communications Corp., 16 F.3d at 1276; see also Browning v. Clinton, 292 F.3d at 242; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000); Harris v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997). While the complaint is to be construed liberally in plaintiff's favor, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions. See Kowal v. MCI Communications Corp., 16 F.3d at 1276; Browning v. Clinton, 292 F.3d at 242.

## II. DISCUSSION

### A. Insufficiency of Service of Process

The defendant argues that this suit should be dismissed because plaintiff failed properly to serve defendant, the United States. See Memorandum of Points and Authorities in Support of United States' Motion to Dismiss ("Mem.") at 7-8. Defendant asserts that plaintiff failed to serve the Internal Revenue Service, whose actions are being challenged and service upon whom is required by Rule 4(i) of the Federal Rules of Civil Procedure. See id. The Court declines, however, to dismiss the case on these grounds. Pro se litigants "are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." Moore v. Agency for Int'l Development, 994 F.2d 874, 876 (D.C. Cir. 1993).

### B. Failure to Exhaust Administrative Remedies

Defendant argues that the Court lacks subject matter jurisdiction over plaintiff's claim for damages because plaintiff failed to exhaust her administrative remedies prior to filing

4

suit.  See Mem. at 1-3.  For the reasons more thoroughly explained by Judge Walton in Lindsey

v. United States, 2006 WL 2413720 at *11-13, the Court concludes that in an action for *damages*

under 26 U.S.C. § 7433, failure to exhaust administrative remedies is properly raised through a

motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, not for lack of subject matter jurisdiction under Rule 12(b)(1).  See also Turner v.

United States, 429 F.Supp.2d 149 (D.D.C. 2006) (Bates, J.) (citing Arbaugh v. Y & H Corp., 126

S.Ct. 1235 (2006)); Masterson v. United States, Civil Action No. 05-1807, 2006 WL 1102802 at

*2 (D.D.C. April 26, 2006) (Bates, J.).

    In her complaint, plaintiff admits that she did not file a claim with the IRS.

Rather, plaintiff asserts that any attempt to utilize administrative remedies would be futile.  See

Complaint ¶ 30.  In her Opposition, plaintiff asserts that she filed an administrative claim with

the IRS, although she does not specify when.  See Opp. at 4.  Because plaintiff may not amend

her complaint through her opposition papers, see Doe I v. State of Israel, 400 F.Supp.2d 86, 100

(D.D.C. 2005), the Court bases its analysis on the complaint.  Since plaintiff does not plead

failure to exhaust administrative remedies in her complaint, and since exhaustion is clearly

required by the statute, her claim for damages will be dismissed for failure to state a claim upon

which relief may be granted.  See Lindsey v. United States, 2006 WL 2413720 at *18-19; Turner

v. United States, 429 F.Supp.2d at 153-54.


*C. Punitive Damages*

    It is axiomatic that the government cannot be sued without its consent.  See, e.g.,

Tri-State Hospital Supply Corp. v. United States, 341 F.3d 571, 575 (D.C. Cir. 2003) ("Absent

5

waiver, the doctrine of sovereign immunity shields the federal government from suit."). Plaintiff

seeks punitive damages in her complaint. See Complaint ¶ 29. 26 U.S.C. § 7433 does not,

however, provide a remedy of punitive damages, but only compensatory damages up to a

specified amount. Without a waiver of sovereign immunity, the Court lacks subject matter

jurisdiction to hear that claim against the federal government. See, e.g., First Virginia Bank v.

Randolph, 110 F.3d 75, 78 (D.C. Cir. 1997) (noting that waiver of sovereign immunity is a

jurisdictional prerequisite). The Court therefore concludes that it lacks subject matter jurisdiction

to hear plaintiff's claims for punitive damages.

### D. Declaratory Relief

The Court also concludes that it is without subject matter jurisdiction to grant

declaratory relief in this case. The power to grant declaratory relief in the federal courts is

governed by the Declaratory Judgment Act. That statute provides, in relevant part:

> In a case of actual controversy within its jurisdiction, except with
> respect to Federal taxes other than actions brought under section
> 7428 of the Internal Revenue Code of 1986 . . . any court of the
> United States, upon the filing of an appropriate pleading, may
> declare the rights and other legal relations of any interested party
> seeking such declaration, whether or not further relief is or could
> be sought.

28 U.S.C. § 2201 (emphasis provided). In view of this express statutory language, this Court has

no jurisdiction to grant the declaratory relief requested by plaintiff. See Lindsey v. United States,

2006 WL 2413720 at *8.

For these reasons, the Court dismisses plaintiff's claims for compensatory

damages for failure to state a claim upon which relief can be granted and dismisses plaintiff's

claims for punitive damages and for declaratory relief for lack of subject matter jurisdiction.  An

Order consistent with this Memorandum Opinion will issue this same day.

        SO ORDERED.

                           _____/s/_____
                           PAUL L. FRIEDMAN
                           United States District Judge

DATE:  December 20, 2006